IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLLINS NATIONAL, a limited partnership, and<br>COLLINS DEVELOPMENT CO.,<br>A California corporation as General Partner,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-563C<br>(Judge Baskir) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegations contained in the first sentence of paragraph 2. Admits the allegations contained in the second sentence of paragraph 2 that GSA entered into two leases with plaintiff for use of the premises by the DEA. Denies the allegation that plaintiff constructed the premises for the specific use of the premises by the DEA for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegation contained in paragraph 8 that DEA occupied the premises since June 1976 and that the lease term expired on April 30, 2003; otherwise denies the remaining allegations contained in paragraph 8.

9. Denies the allegations contained in the first sentence of paragraph 9 that DEA remained in the premises until May 30, 2003. Admits only that the keys were turned over to plaintiff on or about May 30, 2003. Admits the allegations contained in the second and third sentences of paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 9.

10. Denies the allegations in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted. Admits the allegations contained in the second sentence (including subparts) of paragraph 10 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 (including subparts) to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. Admits the allegations contained in paragraph 12 that the inclusion of vinyl asbestos tile flooring would make the building more fireproof; denies the remaining allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 that plaintiff constructed the incinerator, which was required by Supplemental Lease Agreement No. 12, and that the incinerator was not used other than for testing purposes; denies the allegation contained in the second sentence of paragraph 14 that the DEA did not receive Air Pollution Control District approval to use the incinerator for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted; otherwise

denies the allegations contained in the second sentence of paragraph 14. Admits the allegations contained in the third sentence of paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 14.

15. Denies the allegations in the first sentence of paragraph 15 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second sentence of paragraph 15 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16. Denies the allegations contained in the second sentence of paragraph 16.

17. Admits the allegation in paragraph 17 that plaintiff submitted a claim to the General Services Administration for additional payments to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies that allegation.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the documents cited, which are the best evidence of their contents;

otherwise denies the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 that plaintiff sent more information to GSA on April 28, 2004, to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 20.

21. Admits the allegations contained in the first three sentences of paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first three sentences of paragraph 21. Admits the allegations contained in the fourth and fifth sentences of paragraph 21 that the GSA mailed a check to plaintiff in the amount of $78,865 on or about December 27, 2004 and paid plaintiff interest in the amount of $2,504.20 on or about January 13, 2005; otherwise denies the allegations contained in the fourth and fifth sentences of paragraph 21.

22. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 21 above.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies.

25. Denies.

26. Denies.

27. Denies.

28. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 27 above.

29. Admits the allegations contained in paragraph 29 that plaintiff met with the DEA, requested meetings with the DEA, and secured, received and transmitted bids for remediation and renovation work; otherwise denies the allegations contained in paragraph 30.

30. Denies the allegations contained in the first sentence of paragraph 30. Admits the allegations contained in the second sentence of paragraph 30 that plaintiff communicated with GSA regarding the decommissioning process, including submitting bids and proposals for the decommissioning work; otherwise denies the allegations contained in the second sentence of paragraph 30. Denies the allegations contained in the third sentence of paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Denies.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 35 above.

37. Denies. Defendant avers that plaintiffs claim for attorney fees is premature. See RCFC 54(d)(2).

38. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 37, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

s/ Nancy M. Kim

OF COUNSEL:

LEAH WRIGHT
Senior Assistant General Counsel
Real Property Division
Office of General Counsel
General Services Administration
400 15th Street, S.W.
Auburn, WA 98001

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

August 16, 2005

Attorneys for Defendant