IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLLINS NATIONAL, a limited partnership,<br>and COLLINS DEVELOPMENT CO.,<br>a California corporation as General Partner,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-563C<br>(Judge Baskir) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's Special Procedures Order, plaintiffs and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiffs state that the Court has jurisdiction to consider and decide this action. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

The parties agree that this case should not be deferred pending resolution of any other cases.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

Defendant believes that the issue of whether the Government possessed a duty to abate the asbestos and whether the Government breached its duty not to commit waste can be decided on a motion for summary judgment. If and only if the Court determines that the Government breached its duty and there is a nexus between the breach and the damages sought, should the parties proceed to a trial on the amount of damages.

Upon the close of discovery, defendant intends to file a motion for summary judgment because plaintiffs cannot meet their burden of demonstrating that the Government breached a duty under the lease. Under the express terms of the lease, plaintiffs as landlord possessed the duty to maintain the premises, to comply with all applicable laws, and specifically to abate any asbestos on the premises. The Government as tenant had an implied duty not to commit waste. The Government's duty extended to removing any drug residue caused by the use of the premises as a drug laboratory but did not extend to removing any asbestos on the premises. Plaintiffs will be unable to meet their burden of demonstrating that the Government left the premises with drug residue present because they rely upon a survey performed by its contractor prior to the Government moving out of the premises. Even if plaintiffs are able to demonstrate that the Government breached its duty not to commit waste, they will be unable to show causation between the Government's breach and the damages sought. The presence of any drug residue on the premises did not necessitate the extensive asbestos removal and demolition work that was performed by plaintiffs and for which plaintiffs seek damages.

h. Relevant Issues

Plaintiff's Statement Of The Issues

1. Whether the Government breached its implied warranty of providing valid specifications for the high temperature gas incinerator under the Spearin Doctrine.

2. Whether the Government breached its implied warranties of communication, cooperation and fair dealing in its refusals to meet, communicate and otherwise work with plaintiff in the remediation, asbestos removal, drug residue removal and other close out, decommissioning and refurbishing efforts.

3. Whether, as a result of No. 2, the Government is estopped now from challenging the steps made and costs incurred by Collins.

Defendant's Statement Of The Issues

1. Whether plaintiffs bore the burden of abating the asbestos under the express terms of the lease.

2. Whether the Government as tenant breached its duty not to commit waste.

3. Whether plaintiffs have met their burden of proving that drug residue remained in the building after the Government moved out of the premises.

4. If there was drug residue remaining on the premises, whether it was necessary to demolish parts of the building to remove the drug residue.

5. Whether the Government is liable for the cost of removal of asbestos containing material that it specified for use in the lease, i.e., the vinyl floor tiles.

6. If the Government is liable for abating the asbestos caused by the vinyl floor tiles, whether the asbestos vinyl floor tiles presented a health hazard.

7. Whether the Government is liable for the cost of removal of asbestos containing material that it did not specify for use in the lease, i.e., flooring mastic, roofing mastic, spray on ceiling material, and building joint putty.

8. Whether plaintiffs' own act of placing several exhaust systems located on the roof in close proximity to air intakes for the cooling system caused or contributed to the asbestos problem.

9. Whether demolition of parts of the building was necessary to abate the asbestos.

10. If the Government is liable for abatement of the asbestos and demolition work, whether plaintiffs mitigated damages caused by the asbestos.

i. Settlement

Plaintiffs believe that alternative dispute resolution would be beneficial to resolution of this matter without further litigation. The Government does not believe that alternative dispute resolution, at this time, would be beneficial because there are significant differences between the parties as to what was the scope of the Government's duty under the leases and because the Government needs to obtain discovery regarding what plaintiffs did or did not do to address the asbestos issue throughout the term of the leases. Accordingly, the parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses.

j. Trial

As stated above, after discovery has been completed, the defendant intends to file a motion for summary judgment pursuant to RCFC 56 because the Government did not possess a duty to abate the asbestos and the Government did not breach its duty not to commit waste. If and only if the Court determines that the Government breached its duty and there is a nexus

between the breach and the damages sought, should the parties proceed to a trial on the amount of damages. At this time, the parties do not request expedited trial scheduling.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties propose the following discovery schedule:

| | |
|---|---|
| Written Discovery | February 28, 2006 |
| Depositions of Fact Witnesses | April 30, 2006 |
| Expert Reports | June 30, 2006 |
| Expert Depositions | August 31, 2006 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

s/ David Taylor

DAVID TAYLOR, ESQ.
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W.
Suite 300
Washington, D.C. 20007
Tel: (202) 454-2855
Fax: (202) 454-2805

Attorney for Plaintiffs

October 7, 2005

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

Attorneys for Defendant

**Appendix to the Joint Preliminary Status Report**


| Tab | Document | Page |
|---|---|---|
| A | Letter from City of National City Building and Housing Dep't to Collins Dev't Co. dated April 1, 1981 | 1 |
| B | Letter from Paul Hamilton, Field Office Manager, to Collins Dev't Co. dated October 16, 1986 | 2 |
| C | Letter from Collins Dev't Co. to GSA dated November 24, 1986 | 3 |
| D | Supplemental Lease Agreement GS-09B-86764 dated November 25, 1986 | 4 |
| E | Report for Facility Safety, Health or Fire Protection Survey performed by Industrial Health Inc. dated August 8, 1989 | 5 |
| F | Letter from Collins General Contractors to Collins Dev't Co. dated February 6, 1990 | 19 |
| G | Letter from Contracting Officer to Collins Dev't Co. dated February 9, 1990 | 23 |
| H | Letter from GSA Field Office Manager to Collins Dev't Co. dated December 11, 2000 | 24 |
| I | Asbestos Investigation at DEA Southwest Laboratory performed by U.S. Public Health Service dated October 12, 2000 | 25 |