GENERAL SERVICES ADMINISTRATION - PUBLIC BUILDINGS SERVICE
**PROPOSAL TO LEASE SPACE TO THE UNITED STATES OF AMERICA**

IN RESPONSE TO REQUEST — NO. GS-09B-74817 — DATE 10/31/74

In compliance with and subject to the provisions of the above-identified request and the General Provisions (Standard Form 2-A), and such attachments and schedules listed on the cover sheet of the request, all of which are incorporated herein and made a part hereof, the undersigned hereby offers and agrees, upon acceptance of this proposal, by the date specified in the request, to lease to the United States of America the following-described premises upon the terms and conditions herein specified:

**1. DESCRIPTION OF PREMISES**

A. BUILDING NAME AND ADDRESS (Include ZIP code): 402 West 35th Street, National City, California 92050

B. SPACE IN ENTIRE BUILDING — NET USABLE SQUARE FEET

| OFFICE | ~~STORAGE~~ laboratory | OTHER (Specify) |
|---|---|---|
| 19,300 | 14,450 | None |

| C. NO. OF FLOORS | D. TYPE OF CONSTRUCTION | E. LIVE FLOOR LOAD CAPACITY (Lbs./Sq. Ft.) | F. AGE OF BUILDING | G. DATE AND METHOD OF ACQUISITION |
|---|---|---|---|---|
| one | Tilt up construction | 100 | New (to be built) | N/A |

**2. AMOUNT OF NET USABLE SPACE OFFERED AND SQUARE FOOT RATE**

| | INITIAL TERM (1) SQUARE FEET | (2) SQ. FT. RATE PER YEAR | (3) SUBTOTAL | RENEWAL TERM(S) (4) SQ. FT. RATE PER YEAR | (5) SUBTOTAL |
|---|---|---|---|---|---|
| a. OFFICE | 19,300 | x $ 7.68 | = $ 148,224. | $ 6.63 | = $ 128,000. |
| b. STORAGE | n/a | x $ n/a | = $ n/a | $ n/a | = $ n/a |
| c. SPECIAL—Lab. | 14,450 | x $ 9.12 | = $ 131,776. | $ 7.75 | = $ 112,000. |
| d. TOTAL | 33,750 | | TOTAL $ 280,000. | Use Sq. Ft. shown under (1) with above rates to complete (5) | TOTAL $240,000. base, w[illegible] |
| e. COMPOSITE SQUARE FOOT RATE PER ANNUM | (3)d ÷ (1)d $ 8.30 | | | (5)d ÷ (1)d $ 7.11 | base to be adjusted by cos[t of] livi[ng] ind[ex]* |

ATTACH A FLOOR PLAN, TO SCALE, SHOWING THE SIZE AND LOCATION OF THE OFFERED SPACE (See Schedule B). LIST AREAS, ROOM, AND FLOOR NUMBERS.

See Attached Exhibit.

*from start of original lease to beginning of option period.

**3. POSSESSION OFFERED** — SPACE WILL BE ALTERED IN ACCORDANCE WITH SPECIFICATIONS AND READY FOR OCCUPANCY ON — DATE: 8/31/75, or 7 months afte[r] start of constr[uction]

**4. TERM OF LEASE**

| | NUMBER OF YEARS | FROM | TO (Inclusive date) |
|---|---|---|---|
| A. INITIAL | 10 | Aug. 31, 1975 | Aug. 31, 1985 |
| B. RENEWAL OPTIONS | YEARS EACH: ten years | NUMBER OF OPTIONS: two (2) | |

**5. DAYS NOTICE REQUIRED** — A. TO RENEW LEASE: 180 days — B. TO TERMINATE LEASE: None

**6. ACCEPTANCE PERIOD** — THE REQUEST STATES A MINIMUM PERIOD FOR ACCEPTANCE BY THE GOVERNMENT — GOOD UNTIL — DATE: 2/1/75

**7. ALTERNATES (See Schedule A)**

See offer letter.



GSA DC 67-6744 — GSA FORM JUN 66 1364

8. ADDITIONAL REMARKS OR CONDITIONS WITH RESPECT TO THIS OFFER

Unit Prices for Schedules A and B:
- Ceiling High Partition $18.00/LF
- Bank High Partition 12.00/LF
- Electric/Clock Outlets 50.00/EA
- Telephone Outlets 25.00/EA

Schedule C, 1g: Overtime Services to be provided, but to be negotiated at time of need.
Schedule C, 2a ~~(2)(a)~~ or (2)(b) is applicable.

Parking for employee vehicles in accordance with Schedule D, paragraph 12:

Number of parking spaces required by zoning regulations 50 (1EA/800 SFGross)

The total number of off-street parking spaces in accordance with paragraph 12a 95.

The number of parking spaces that will be allocated for Government employees in accordance with paragraph 12b 95.

Number of parking spaces to be provided free of charge in accordance with paragraph 12c 95.

Number of parking spaces to be provided on a charge basis and monthly charge per space in accordance with paragraph 12c -0- $ -0-.

9. ATTACHMENTS SUBMITTED WITH THIS OFFER

2 plot plans, 2 floor plans, 2 aerial photographs and offering letter

10. THE UNDERSIGNED ACKNOWLEDGES RECEIPT OF THE FOLLOWING ADDENDA, IF ANY, TO THE REQUEST. *(Give number and date of each addendum received.* Addendum to Schedule A (incinerator and heliport)

11. OFFEROR REPRESENTS *(Not required in cases of advertised leases in which the aggregate amount of rental does not exceed $25,000 or in negotiated leases in which the aggregate amount of rental does not exceed $2,500. Aggregate rental is defined in Schedule D.)*

THAT HE ☐ HAS, ☒ HAS NOT, EMPLOYED OR RETAINED ANY COMPANY OR PERSON *(other than a full-time bona fide employee working solely for the Offeror)* TO SOLICIT OR SECURE THIS LEASE, AND

THAT HE ☐ HAS, ☒ HAS NOT, PAID OR AGREED TO PAY ANY COMPANY OR PERSON *(other than a full-time bona fide employee working solely for the Offeror)* ANY FEE, COMMISSION, PERCENTAGE OR BROKERAGE FEE, CONTINGENT UPON OR RESULTING FROM THE AWARD OF THIS LEASE; AND AGREES TO FURNISH INFORMATION RELATING THERETO AS REQUESTED BY THE CONTRACTING OFFICER. *(For interpretation of this representation, including the term "bona fide employee," see Code of Federal Regulations, Title 41, Chapter 1, subpart 1-1.5.)*

12. OFFEROR OPERATES AS ☐ INDIVIDUAL ☒ PARTNERSHIP ☐ CORPORATION *(If checked, give state)* STATE

13. NAME AND ADDRESS OF OWNER OF RECORD *(City, state and Zip code)*

Collins/National
c/o Collins Development Co.
11750 Sorrento Valley Road
Suite 209
San Diego, California 92121

14. OFFEROR'S INTEREST IN PROPERTY *(Owner, agent, etc.)*

Owner

15. NAME AND ADDRESS OF OFFEROR *(Include Zip code)*

Collins Development Company
11750 Sorrento Valley Road, #209
San Diego, California 92121

16. TELEPHONE *(Area code and No.)*

714-
453-5130

17. OFFEROR *(Signature)*

[signature]

18. DATE

10/31/74

UNITED STATES OF AMERICA
GENERAL SERVICES ADMINISTRATION

Region 9
525 Market Street
San Francisco, CA 94105

SHEET NO. 1 ATTACHED TO AND FORMING A PART OF LEASE NO. GS-09B-74817

10. Operating Costs Escalation

a. For each calendar year of the term hereof subsequent to the calendar year 1976, the annual rent as specified in Paragraph 3 hereof shall be increased or decreased by an amount equal to the amount by which the "operating cost" in the year for which increase or decrease is claimed, exceeds or falls short of the "operating cost" in calendar year 1976, as evidenced by a statement for each of the two years prepared by a certified public accountant for each of the items separately.

b. "Operating cost" referred to in paragraph a. above is defined as the total of those expenses incurred by the Lessor during a calendar year for the following items only, to the extent they are furnished for that portion of the subject building devoted to office space: janitorial and cleaning services and supplies; window washing and waste removal; maintenance, repairs, and utilities for the heating system, airconditioning system, electrical system, elevator system, plumbing system, replacement of bulbs, tubes, ballasts and starters; interior maintenance; building engineer and/or manager and related staff; social security and workmans compensation insurance; lawn and landscape maintenance; and, general expenses - building. Excluded by way of illustration but not limitation are expenses paid or accrued such as: real estate taxes, insurance (hazard, liability, etc.), depreciation on the building and equipment installed therein, exterior and structural maintenance and repair, building maintenance and reserves for replacement, tenant alterations, costs of a capital nature, real estate agents' commissions and/or fees, interest and executive salaries; also, any fines, penalties, interest or costs for nonpayment or for delay in payment beyond any discount period, or any profit or home office overhead. Except that if in any calendar year the office space portion of the subject building is less than 100% (measured by time and space) occupied, then the "operating costs" for such year is defined as the total of such expenses that would have been incurred (as determined by mutually agreeable accountant) by the Lessor during said year if such space had been occupied to such extent.

c. On or before March 31st of any year immediately subsequent to a year for which rent increase or decrease is claimed, the Lessor shall furnish the Government with a copy of the statements referred to in the above together with a statement of the increase or decrease in the rental payable by the Government hereunder. Any amount of rental increase determined hereunder, for any calendar year, shall be payable in a lump sum ninety (90) days after receipt of said statement; any decrease shall be chargeable to or payable by the Lessor immediately upon determination.

*Keep Freedom in Your Future With U.S. Savings Bonds*

UNITED STATES OF AMERICA
GENERAL SERVICES ADMINISTRATION

*Region 9*
*525 Market Street*
*San Francisco, CA 94105*

SHEET NO. 2 ATTACHED TO AND FORMING A PART OF LEASE NO. GS-09B-74S17

d. If, in the opinion of the Government's Contracting Officer, the requested adjustment is unreasonable, the Government shall have the right to enter into negotiations on the matter with the Lessor and, if still unacceptable, shall have the right, upon excusing the Lessor from performance or provision of any or all of the items for which expenses are listed in the subject statements, to perform or provide such items itself, and to deduct from the annual rental that amount shown as expense for such items on said statements.

e. The Administrator of General Services or any of his duly authorized representatives shall, until the expiration of three years after final payment under this contract, or of the time periods for the particular records specified in Part 1-20 of the Federal Procurement Regulations (41 CFR Part 1-20), whichever expires earlier, have access to and the right to examine any books, documents, papers, and records of the contractor involving transactions related to this contract or compliance with any clauses thereunder. The contractor further agrees to include in all his subcontracts hereunder a provision to the effect that the subcontractor agrees that the Administrator of General Services or any of his duly authorized representatives shall, until expiration of three years after final payment under the subcontract, or of the time periods for the particular records specified in Part 1-20 of the Federal Procurement Regulations (41 CFR Part 1-20), whichever expires earlier, have access to and the right to examine any books, documents, papers, and records of such subcontractor, involving transaction related to the subcontract or compliance with any clauses thereunder. The term "subcontractor" as used in this clause excludes (a) purchase orders not exceeding $2,500, and (b) subcontracts or purchase orders for public utility services at rates established for uniform applicability to the general public.

11. Tax Escalator Clause: Rental payable under this lease shall be escalated or de-escalated in accordance with the following:

a. The first calendar year, a portion of which falls within the term of this lease, in which is issued a general real estate tax bill (regardless of when payments on said bill are due or made) reflecting substantial completion (95%) of the building in which are located the premises herein leased, shall be referred to as the "base year".

b. For each calendar year of the term hereof subsequent to the base year, the annual rent as specified in Paragraph 9 hereof shall be increased or decreased by an amount equal to the amount by which the total annual general real estate taxes assessed against the lease parcel as shown in the tax bill issued in such year exceeds or falls short of the total annual general real estate taxes assessed against the leased parcel as shown in the

*Keep Freedom in Your Future With U.S. Savings Bonds*

UNITED STATES OF AMERICA
GENERAL SERVICES ADMINISTRATION

*Region 9*
*525 Market Street*
*San Francisco, CA 94105*

SHEET NO. 3 ATTACHED TO AND FORMING A PART OF LEASE NO. GS-09B-74817

tax bill issued in the base year, except that the total annual general real estate taxes for the base year shall be computed using the tax rate actually in effect for the tax year ending June 30, 1976. In such determination for any calendar year, the amounts for neither that year nor the base year shall include any fine, penalty, interest, or other cost added to the taxes for nonpayment or delay in payment thereof beyond any discount period.

c. Provided that for any calendar year, any increase or decrease in rental as determined in b. above, shall be adjusted in direct proportion to a fraction, the numerator of which is the total amount of rent (without regard to any tax escalator clauses) derived by Lessor during said calendar year from that portion of subject building devoted to office space, and the denominator of which is the total amount of rent derived by the Lessor during said calendar year from the entirety of the taxed parcel; except that if either the total parcel or the office space portion thereof is less than 100% (measured by time and space) occupied during said year, then both such numerator and denominator are to be the total amounts of rent that would have been derived (as determined by mutually agreeable appraiser) by the Lessor during said year from said office space and total parcel respectively, if both had been occupied to such extent.

d. And further provided that the total rent including any increase or decrease hereunder shall be subject to Paragraph 14, Economy Act Limitation of Standard Form 2-A, attached hereto and made a part hereof.

e. On or before March 31st of each year subsequent to the year immediately following the base year, the Lessor shall furnish the Government a statement of the increase or decrease (if any) in the rental payable by the Government hereunder for the previous year. Any amount of rental increase determined hereunder and shown by such statement shall be payable in a lump sum 90 days after receipt of said statement; any decrease shall be chargeable to or payable by the Lessor immediately upon determination.

f. Within three days of receipt thereof, the Lessor shall furnish the Government copies of all tax bills and notices which may affect the valuation of said land and building for general real estate taxes thereon.

g. The Government may contest the amount or validity of any valuation for the general real estate taxes by appropriate legal proceedings either in the name of the Government or in the name of the Leasor or in the names of both. In the event the Government is precluded from such proceeding, the

*Keep Freedom in Your Future With U.S. Savings Bonds*

UNITED STATES OF AMERICA
GENERAL SERVICES ADMINISTRATION

*Region 9*
*525 Market Street*
*San Francisco, CA 94105*

SHEET NO. 4 ATTACHED TO AND FORMING A PART OF LEASE NO. GS-09B-74817

Lessor, upon reasonable notice and request by the Government, shall contest any such proceeding and in the event of any such request, the Government shall reimburse the Lessor for the cost of expenses in connection with any such contest or proceeding and execute any documents or pleading required for such purposes, provided that the Government shall reasonably be satisfied that the facts set forth in such documents or pleadings are accurate.

h. If at any time the Lessor receives any refund of taxes previously paid, he shall promptly rebate to the Government any increase in rental paid pursuant to the amount of tax paid and rebated.

ADDENDUM TO SCHEDULE "A"

INCINERATOR: The lessor shall provide and maintain a gas operated incinerator. The incinerator shall be equipped with an after burner and shall be capable of burning 100 pounds per hour. (Incinerator shall meet Federal emmission standards.)

GENERAL REQUIREMENTS:

CONSTRUCTION: Perimeter walls, and floor shall be constructed of either concrete, brick, reinforced concrete block, or a combination of materials which provide equivalent security; such as gypsum board ceiling supplemented by an expanded metal screen of not less than 11-gauge material.

Interior "slab-to-slab" wall requirements can be fulfilled by construction of an expanded metal ceiling as specified under District Office - Detention Rooms. All walls surrounding the Laboratory shall be weather tight, i.e. "slab-to-slab" or "slab-to-roof", construction.