# In the United States Court of Federal Claims

Case No. 05-563C
(Filed: October 12, 2006)

****************************************************
COLLINS NATIONAL, et al. *
*Plaintiffs,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
****************************************************

**ORDER**

The Court heard oral argument on September 28, 2006, on Defendant's Motion for Partial Summary Judgment. Upon considering the briefs and argument, we find that there was no obligation on the part of the Government to abate asbestos-containing materials on the premises after the completion of the lease. This Order confirms the ruling issued from the Bench on September 28, 2006, GRANTING the Defendant's Motion for Partial Summary Judgment. We summarize the Court's finding below.

Plaintiff is a California limited partnership that owns and operates a building located at 402 West 35th Street, National City, California (the "premises"). The premises had been leased by the Government to house the District Office of the Drug Enforcement Agency and its Regional Laboratory. Plaintiff brought this claim pursuant to the Contract Disputes Act, 41 U.S.C. § 609(a)(1). Plaintiff claims that the Government is responsible for the abatement of asbestos-containing materials that became contaminated with drug residue under the Government's common-law duty not to commit waste. Plaintiff further claims that the Government is responsible under the *Spearin* doctrine for the abatement of vinyl asbestos tiles that were allegedly required to be installed under the 1975 Lease.

The Government filed a Motion for Partial Summary Judgment denying Plaintiff's claims for damages arising from abating asbestos on the leased premises. The limited issue before the Court on this motion was whether the Government possessed an obligation to abate or remove the vinyl asbestos tiles

and other asbestos-containing materials on the premises after completion of the lease. The motion did not address any possible obligation of the Government occasioned by drug residue or contamination.

Plaintiff conceded at oral argument that, under the lease, there was no obligation on the part of the Government to recondition the premises at the end of its occupancy. Oral Argument Transcript ("OA Tr.") at 45:13. We disagree with Plaintiff's contention that the Government's knowledge and acceptance of asbestos-containing materials on the premises when it renewed the lease translates into an obligation to remediate the asbestos upon conclusion of the lease. The "Asbestos Clause" of the lease imposed certain obligations on the Plaintiff, not the Government. Further, we find that the Government's acceptance of portions of the building "as-is" relates only to Plaintiff's responsibility for asbestos abatement under the lease, and does not translate into an obligation on the part of the Government at the end of the lease. Therefore, we conclude that the Government had no general obligation to abate asbestos-containing materials upon leaving the premises.

The *Spearin* doctrine cited by Plaintiff does not impose a responsibility on the Government for the abatement of the vinyl asbestos tiles. Even assuming the relevance of this doctrine to latent health hazards, the solicitation's flooring specifications were minimum guidelines, not design specifications. Plaintiff conceded that there was no other legal theory that would impose upon the Government a general obligation to abate vinyl asbestos tiles unconnected to the contamination issue. OA Tr. at 39:16-20. Consequently, **Defendant's Motion for Partial Summary Judgment is GRANTED.**

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge